GARDEN, JUDGE:
The claimant prior to December 31, 1972, had been an employee of the West Virginia Industrial School for Boys at Pruntytown, West Virginia. On the aforementioned date, she retired. In her notice of claim she alleges that she was not paid annual leave for the years 1970 and 1971 in a total amount of $819.00, and that she failed to receive a merit increase of $50.00 per month on July 1, 1972, and that as a result, the sum of $300.00 is due her for the six-month period preceding her retirement on December 31, 1972. Her testimony at the hearing conformed substantially to the allegations contained in her notice of claim.
From the testimony and the exhibits introduced into evidence at the hearing, it appeared that the claimant was first employed at the school on May 21, 1962, as a temporary employee (relief cook). Thereafter, she was designated as either extra help, cook, or janitor, but she continued at all times to be classified as a temporary em *147 ployee except during the period from May 1, 1968 to September 15, 1968, when she was classified as a permanent employee (cottage parent).
Pursuant to statute a State agency can become subject to the Civil Service System either by Act of the Legislature or by Executive Order. On January 11, 1969, then Governor Hullett Smith issued such an order in respect to the Industrial School for Boys of Grafton. On that date the claimant was classified as a temporary employee (extra help) and was being paid on a per diem basis of $11.00. As required by law, she, as did all employees at the school, took the civil service qualifying examination and passed the same with a score on the cook examination of 72.50. The claimant resigned on August 20, 1969, but was re-employed as a temporary employee (cook) at a wage rate of $12.00 per day on December 17, 1969. Her wages were increased to $13.00 per day on July 1, 1971, and then to $13.65 per day on July 1, 1972.
In respect to claimant’s contention that she was not paid a merit increase of $50.00 per month beginning July 1, 1972, we are of the opinion that there is no merit in such contention. It is true that raises were extended on July 1, 1972, but the testimony of the claimant’s own witness, Betty Hayhurst, the school’s audit clerk, established that the raises were of a cost-of-living nature and not of merit. The audit clerk’s testimony further reflected that the claimant did in fact receive this cost-of-living raise on July 1, 1972, when her daily wage rate was increased five per cent from $13.00 to $13.65.
A considerable amount of testimony was introduced in establishing the number of days that claimant worked during the years 1969, 1970, 1971 and 1972, and, in particular, during the usual vacation summer months. While the claimant’s work records do reflect that she worked on an almost regular basis during the summer months, the testimony and exhibits clearly reflect that she was always classified during her last four years of employment as a temporary employee. More importantly, the Rules & Regulations of the Civil Service System, a copy of which was introduced by respondent as an exhibit, and, in particular, Section 3(2) of Appendix A relating to annual leave provides as follows:
“2. Annual leave shall not be accorded emergency, hourly, or *148 per diem employees, and irregular part-time employees.”
During the years 1970 and 1971, the claimant was being paid a daily wage of either $12.00 or $13.00 per day or per diem. Consequently, it is this Court’s opinion that any payment of annual leave to her for those years would have been illegal pursuant to the above-quoted section of the Rules & Regulations. For the reasons expressed, this Court is of the opinion to make no award.
No award.